```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/15/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
DOUGLAS J. GRANT,                                                       :
                                                                        :
                                        Plaintiff,                      :    13-CV-7917 (JMF)
                                                                        :
            -v-                                                         :    MEMORANDUM OPINION
                                                                        :         AND ORDER
COMMUNICATIONS WORKERS OF AMERICA,                                      :
LOCAL 1101,                                                             :
                                                                        :
                                        Defendant.                      :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff, proceeding *pro se*, brings this action against the Local Affiliate ("Local") of Communications Workers of America ("CWA") alleging racial discrimination, violations of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 401 *et seq.* ("LMRDA"), and intentional infliction of emotional distress. He also apparently alleges that Defendant breached a duty of fair representation. Defendant now moves unopposed to dismiss the Amended Complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 32).

      By way of background, derived from the Amended Complaint and viewed in the light most favorable to Plaintiff, *see, e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 512-13 (2d Cir. 2013), a Local member under Plaintiff's supervision filed gender discrimination charges against him in September 2013.[1] (Am. Compl. (Docket No. 25) ¶ 14). Plaintiff alleges that those charges

---

[1] Although a second Local member under Plaintiff's supervision filed discrimination charges against Plaintiff that same month (Am. Compl. ¶ 14), the suspension at issue here stems from the gender discrimination charges alone. (*See* Am. Compl. Ex. C (reporting gender

violated the LMRDA and the CWA Constitution because they did not recite the alleged offenses and were factually deficient.  (*Id.* ¶ 16; *see* Am. Compl. Ex. B ("CWA Constitution" or "CWA Const.") at art. XX, § 2).  Plaintiff was suspended from his elected position as Business Agent pending the investigation of the charges.  (Am. Compl. ¶ 14).  After a trial, Plaintiff's "good standing" status was suspended for one year effective November 14, 2013.  (Am. Compl. Ex. E; Am. Compl. ¶ 19).  Plaintiff contends that the suspension violated the LMRDA and the CWA Constitution because the prosecutor did not permit Plaintiff to refute claims and present evidence during the fact-gathering process used to determine whether trial was necessary.  (Am. Compl. ¶¶ 17-18; *see* CWA Const. at art. XX, § 3).  He claims that the trial itself violated the LMRDA and the CWA Constitution because Plaintiff was not given adequate time before trial to review the evidence against him and to prepare a defense.  (Am. Compl. ¶ 19; *see* CWA Const. at art. XX, § 3).  In December 2013, the Executive Board considered Plaintiff's appeal and reduced his suspension to six months. (Am. Compl. Ex. F).

Defendant seeks dismissal of this case in its entirety (Docket No. 32), and Plaintiff has neither amended his complaint nor opposed the motion.  Dismissal is warranted when the complaint fails to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Because plaintiff here proceeds *pro se*, his submission must be held "to less stringent standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 449 U.S. 5, 9, (1980) (per curiam) (internal quotation marks omitted).

---

discrimination); Am. Compl. Ex. D (finding probable cause in the gender discrimination charges); Am. Compl. Ex. E (finding Plaintiff guilty of gender discrimination); Am. Compl. Ex. F (reducing suspension for gender discrimination on appeal)).

Nevertheless, even where Plaintiff appears *pro se*, "dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks and alteration omitted). Further, Plaintiff's failure to oppose "cannot itself justify dismissal of a complaint." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007). Instead, in deciding an unopposed motion to dismiss, a court must treat "the sufficiency of a complaint [as] a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).

Applying those standards here, all of Plaintiff's claims must be and are dismissed. First, Plaintiff fails to state a claim for racial discrimination.[2] (*See* Am. Compl. ¶ 21). In individual claims of employment discrimination, an employee must prove that the discrimination was intentional. *See, e.g.*, *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977). A plaintiff can prove intent by showing that because he belongs to a protected class he was treated differently than a "similarly situated" employee. *See, e.g.*, *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir. 2001). Here, Plaintiff's entire discrimination claim rests on the allegation that the Local treated grievances against him, a black man, differently from grievances against Local Vice President Mike Baxter, a white man. (Am. Compl. ¶ 21). The claim fails as a matter of law, however, because Mike Baxter is not "similarly situated to the plaintiff in all

---

[2] Plaintiff invokes Title 42, United States Code, Sections 1983 and 1985, which do not apply here. Section 1983 applies only where discrimination was committed "under color of state law." *See, e.g.*, *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). His Section 1985(3) conspiracy claim is barred by the intracorporate conspiracy doctrine because this suit is solely against the Local, and "officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other." *Randle v. Alexander*, 960 F. Supp. 2d 457, 475 (S.D.N.Y. 2013) (internal quotation marks omitted).

material respects" given that the claims against him were of a different nature than those against Plaintiff.  *See, e.g.*, *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 494 (2d Cir. 2010) (internal quotation marks omitted).  Although disparate treatment is not the only way for a plaintiff to prove discriminatory intent, *see Abdu-Brisson*, 239 F.3d at 468, Plaintiff does not make any other allegations that would support an inference that Defendant's treatment of Plaintiff was racially motivated.  *See, e.g.*, *Tavares v. City of New York*, No. 08-CV-3782 (JSR) (JSF), 2010 WL 234974, at *6 (S.D.N.Y. Jan. 19, 2010).  Accordingly, Plaintiff's discrimination claim fails as a matter of law.

Second, Plaintiff's claims under the LMRDA, Title 29, United States Code, Sections 411, 412 and 529, are dismissed for failure to exhaust union administrative procedures.[3]  Under the LMRDA, a court has discretion to require a plaintiff to exhaust reasonable union hearing procedures prior to seeking judicial review.  *See* 29 U.S.C. § 411(a)(4).  In exercising its discretion, courts typically consider: (1) whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing; (2) whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks[4]; and (3) whether exhaustion of internal procedures would unreasonably delay

---

[3]     Plaintiff also alleges violation of Title 29, United States Code, Section 530.  Section 530, however, is a criminal provision with no private civil right of action.  *See, e.g. Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 94 n.17 (1989).

[4]     In general, a defendant bears the burden of showing the availability of unexhausted internal remedies.  *See Yanity v. Benware*, 376 F.2d 197, 204 (2d Cir. 1967).  In this case, it is not entirely clear whether Plaintiff could recover damages through the administrative process.  Although that is a factor to be considered in the analysis, *see, e.g.*, *Maddalone*, 152 F.3d at 187, it does not tip the balance in favor of excusing Plaintiff from the exhaustion requirement because, among other things, he principally seeks injunctive relief, *see, e.g.*, *Winter v. Local Union No. 639, Affiliated with Int'l B'hd of Teamsters*, 569 F.2d 146, 149 (D.C. Cir. 1977) (holding that the plaintiff was not excused from the exhaustion requirement even though he "probably could not have obtained money damages through union disciplinary channels"

resolution of employee's claim.  *See, e.g.*, *Maddalone v. Local 17, United Bhd. of Carpenters & Joiners of Am.*, 152 F.3d 178, 186 (2d Cir. 1998).  In this case, Plaintiff did not exhaust his remedies; indeed, at the time he filed this action, his appeal to the CWA National Convention was still pending.  (Mem. Supp. Def. CWA Local's Mot. Dismiss Pl.'s Am. Compl. (Docket No. 33) 2, 5; *see* CWA Const. art. XX, § 4; Am. Compl. Ex. F).  Plaintiff does not allege that officials are so hostile that the pending appeal would be futile; in fact, Plaintiff's appeal to the Executive Board resulted in a reduction of his term of suspension by half.  (Am. Compl. Ex. F).  Nor does Plaintiff allege that the union appeals process is inadequate or that exhaustion would result in an unreasonable delay.  Finally, the Court has been provided no reason to believe that Plaintiff cannot be made whole through the administrative process.  Accordingly, Plaintiff's LMRDA claims are dismissed for failure to exhaust.  That dismissal is without prejudice; if Plaintiff exhausts his administrative remedies (or exhausted them since filing this action, without advising the Court), or if Plaintiff believes that some other exception to the exhaustion requirement would apply, he may refile his LMRDA claims.[5]

Third, Plaintiff's claim for breach of the duty of fair representation (to the extent he even makes such a claim) is dismissed.  As the exclusive bargaining agent, a union "has a duty to

---

because he could "have obtained some of what he seeks, viz., an injunction, by a favorable outcome in the union proceedings").  Moreover, allowing the administrative appeals process to run its course ensures that the record is fully developed for purposes of judicial review.

[5]     Additionally, Plaintiff's suspension may not fall within the protections of the LMRDA.  Plaintiff alleges that Defendant improperly suspended him "[i]n retaliation to asserting his rights afforded to him by the CWA Constitution and LMRDA."  (Am. Compl. ¶¶ 9, 11).  Status as an appointed officer is not a membership right within a union and is not protected by the LMRDA except in the rare case "where the removal of a union officer was part of purposeful and deliberate attempt . . . to suppress dissent within the union. . . . To fall within this exception, a plaintiff must present clear and convincing proof that [his] dismissal was part of a series of oppressive acts by the union leadership that directly threaten the freedom of members to speak out."  *Maddalone*, 152 F.3d at 184 (internal quotation marks and citations omitted).

represent fairly all employees subject to the collective bargaining agreement." *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998). However, "a matter that involves only the relationship between the union and its members and does not also involve the employer is viewed as an internal union matter that does not give rise to a duty of fair representation." *Ass'n of Contracting Plumbers of N.Y.C., Inc. v. Local Union No. 2 United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Can.*, 841 F.2d 461, 469 (2d Cir. 1988). Plaintiff's allegations do not trigger the duty of fair representation because they pertain only to the Defendant's failure under the LMRDA's Bill of Rights and the CWA Constitution to properly file, investigate and try charges against him and, to a lesser extent, failure to investigate charges Plaintiff filed against Mike Baxter. Although Plaintiff's "good standing" status was suspended and he was removed from elected office, his membership in the union and ability to work for AT&T was not affected. Because Plaintiff does not allege facts sufficient to trigger the duty of fair representation, his claim for a breach thereof fails as a matter of law.

Finally, Plaintiff fails to state a claim for intentional infliction of emotional distress. In New York, such a claim requires "'(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial possibility of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress.'" *Saleh v. United States*, No. 12-CV-4598 (KBF), 2013 WL 5439140, at *11 (S.D.N.Y. Sept. 27, 2013) (quoting *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121 (1993)). Plaintiff's Complaint includes no allegations to suggest that Defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999). Accordingly, the intentional infliction of emotional distress claim also fails as a matter of law.

In light of the foregoing, the Amended Complaint is DISMISSED for failure to state a claim. The Clerk is directed to terminate Docket No. 32, to close the case, and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Date: July 15, 2014
New York, New York

JESSE M. FURMAN
United States District Judge